UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| **LORA CAPEHART** | : | **CASE NO:** |
| c/o Minnillo & Jenkins Co., LPA | : | |
| 2712 Observatory Avenue | : | **JUDGE:** |
| Cincinnati, OH 45208 | : | |
| | : | |
| individually, and on behalf of all those similarly situated, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CLASS ACTION COMPLAINT** |
| v. | : | |
| | : | |
| **MCDONALD'S RESTAURANTS OF KENTUCKY, INC.** | : | **(WITH JURY DEMAND)** |
| P.O. Box 66351 | : | |
| AMF O'Hare Airport | : | |
| Chicago, IL 60666 | : | |
| c/o The Prentice Hall Corporation | : | |
| System, Registered Agent | : | |
| 421 W. Main St. | : | |
| Frankfort, KY 40601 | : | |
| | : | |
| **Defendant.** | : | |

Now comes plaintiff, Lora Capehart, individually and on behalf of all others similarly situated, and for her Complaint against defendant McDonald's Restaurants of Kentucky, Inc. ("McDonald's") states as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff, a non-exempt employee of defendant, brings this action against defendant because she was unlawfully denied minimum wages and overtime pay in violation of the Fair Labor Standards Act ("Act") and the Kentucky Revised Statutes for hours worked in the defendant's fast food restaurant. Defendant routinely had plaintiff work off-the-clock and failed to correct plaintiff's time records in a deliberate effort to avoid paying minimum wages and

overtime pay as required by the Act, 29 U.S.C. § 201 *et seq.*, Title 29 of the Code of Federal Regulations and Kentucky Revised Statutes 337 *et seq.*

2. Upon information and belief, from approximately 2011, and through the filing of this complaint, McDonald's store #10045 ("Store #10045") knowingly, purposefully, and willfully maintained policies and practices, more fully described herein, which resulted in a failure to pay minimum wages and overtime pay to non-exempt employees. Defendant routinely required plaintiff and other non-exempt hourly employees to work off-the-clock, to perform work for the employer's benefit while at home and to drive personal automobiles in furtherance of the employer's business (including picking up co-workers) all of which is compensable time under the FLSA. In addition, defendant's managers failed to accurately record hours of work to prevent employees from receiving minimum wages and overtime pay to which they were lawfully entitled. Upon information and belief, these practices and policies were and are in place and enforced at Store #10045 and possibly in other locations.

3. Upon information and belief, Store #10045 is or what at the time relevant hereto controlled by defendant McDonald's Restaurants of Kentucky, Inc.

4. Plaintiff seeks unpaid wages and unpaid overtime pay for the three years preceding the filing of this action, liquidated damages in an equal amount, declaratory and injunctive relief, and reasonable attorney's fees and costs.

## II.  JURISDICTION AND VENUE

5. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 215. This action is filed as and intended to be a "collective action" as authorized by the Fair Labor Standards Act. Federal jurisdiction is invoked to secure protection and to redress violations

of the statutes of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

6. Plaintiffs seek an exercise of this Court's Supplemental Jurisdiction as to the Kentucky state law claims under 28 U.S.C § 1367.

7. The actions complained of by named plaintiff occurred within the Northern Division of the Eastern District of Kentucky. Venue with this Court is appropriate.

### III.  PARTIES

8. Plaintiff Lora Capehart is a citizen of the United States who resides in Campbell County, Kentucky. Plaintiff Capehart was employed by defendant as a non-exempt, hourly employee from approximately August 2011 through January 2018.

9. Plaintiff Capehart has signed a consent to participate in this action in accordance with 29 U.S.C. § 216(b), which is attached as Exhibit A.

10. Defendant McDonald's is a for-profit Kentucky Corporation having filed its Articles of Incorporation in May 1981.

11. Defendant's store where plaintiff worked is located at 15 Donnermeyer Drive, Bellevue, Kentucky.

12. At all times relevant, Store #10045 was open and operational on a twenty-four (24) hour basis, employing approximately sixty (60) total employees spread across three shifts.

13. McDonald's is an employer of plaintiff and members of the proposed class within the meaning of 29 U.S.C. § 203(d). McDonald's is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). The violations of the FLSA alleged herein took place in an establishment under the ownership or control of McDonald's Restaurants of Kentucky, Inc.

3

14. McDonald's is an employer of plaintiff within the meaning of K.R.S. 337.101(1)(d).

## IV. LR 8.1 STATEMENT OF RESIDENCE

15. The restaurant at which plaintiff worked is located in Campbell County, Kentucky.

16. Defendant McDonald's corporate headquarters is located in Cook County, Illinois.

17. Plaintiff is a resident of Campbell County, Kentucky.

18. Pursuant to LR 3.1(a)(1)(B), the District Court located in Covington, Kentucky is the appropriate jury division because a substantial part of the events or omissions giving rise to the claim occurred in Campbell County, Kentucky.

## V. STATEMENT OF FACTS

19. Upon information and belief, defendant's Regional Manager(s) and General Manager(s) are required to control costs by avoiding the payment of overtime pay and by limiting the time non-exempt employees are permitted to record as hours worked, regardless of the actual number of hours worked.

20. Plaintiff was informed by her General Manager that because "labor was high" plaintiff would not be compensated in money for overtime hours worked.

21. In response to objections to working off-the-clock, defendant's manager(s) would occasionally give non-exempt employees, including plaintiff, items from the McDonald's clothing catalog.

22. Defendant's managers also occasionally gave non-exempt employees, including plaintiff, gift cards (e.g., Starbucks) instead of clocking them in so they would be paid for overtime hours worked.

23. Neither the merchandise nor the gift card(s) were of sufficient value to equal or exceed the amount of money defendant's non-exempt employees would have been paid had McDonald's paid money for the overtime worked.

24. On information and belief, it was McDonald's intent to provide these small non-cash rewards to employees to dissuade the employees from refusing to work off-the-clock and demanding payment in money for hours worked.

25. The effect of defendant's wage and hour policies and practices is to limit non-exempt employees to 40 hours or less of recorded work time each week, regardless of actual hours worked, thereby denying workers minimum wages and overtime pay.

26. These actions established a pattern and practice of wage theft and forcing non-exempt employees to work off-the-clock. McDonald's actions included but were not limited to the following instances:

    a. All non-exempt employees at Store #10045 were required to "clock in" using a fingerprint reader device. Several non-exempt employees, including plaintiff, were unable to clock in using this device because it could not read their fingerprints. These non-exempt employees were reliant on supervisors to correctly enter their start times. On information and belief, the supervisors often recorded start times after the non-exempt employees started working. Plaintiff and others were unable to change these clock-in times that were entered by supervisors to reflect the non-exempt employees' actual start times.

    b. The fingerprint reader was programmed to disallow efforts to clock in more than five minutes before the scheduled start of a shift. Non-exempt employees were often required to report to work to begin working more than five

minutes before the start of their shift. These non-exempt employees were not paid for the time they worked before the scheduled start of their shift.

  c. Plaintiff Capehart was regularly required to work off-the-clock, both before and after her shift. She was not compensated for this time. Plaintiff Capehart was regularly required to work off-the-clock before her shift and after she clocked out, especially when delivery trucks with product would arrive at Store #10045 and those products had to be unloaded and stored or thawed.

  d. Plaintiff Capehart was also required to work off-the-clock in furtherance of Store #10045 "Kid's Club" events. She was not paid for this time.

  e. Prior to the "Kid's Club" events, plaintiff was required to work at home. During the "Kid's Club" events, plaintiff would attend and work those events on behalf of McDonald's off-the-clock. These events would often last in excess of three (3) hours, for which Ms. Capehart was not paid. Ms. Capehart requested to be paid for this time but was denied same.

  f. Plaintiff Capehart was also required to work at home to create decorations to be used by Store #10045 for certain holidays, including Christmas and Halloween. Plaintiff was not paid for the time she worked for McDonald's at her home creating the decorations.

  g. As one of the few employees at Store #10045 with a car, plaintiff was often required to work for McDonald's by driving to homes of co-workers to transport those individuals to work. Plaintiff was not paid for this work.

6

   h. On at least one occasion, Plaintiff was sent to a different McDonald's location (Alexandria, KY) to unload and thaw product. She was not paid for her drive time or work completed at the other location.

   i. If the restaurant was slow, non-exempt employees were told not to clock in but were required to remain on the premises until the store had more customers, at which time the non-exempt employees were instructed to clock-in.

   j. Employees were required to attend mandatory work-related meetings and were not paid for attending those meetings.

27. The strict enforcement of the defendant's policies to limit labor costs by reducing hours paid resulted in hourly non-exempt employees, including but not limited to plaintiff, working off-the-clock and having their time records falsified in order to maintain employment with defendant.

28. Plaintiff was denied overtime pay because she was not allowed to record all hours worked, including hours that should have been paid at time and one-half under 29 U.S.C. § 207(a). Plaintiff has been denied minimum wages and overtime pay, contrary to the provisions of the FLSA. Plaintiff and all other similarly situated individuals have been and/or are being denied minimum wages for hours worked in violation of 29 U.S.C. § 206 and 29 CFR § 785.12. Plaintiff and all other similarly situated individuals have been and/or are being denied overtime pay for hours worked in excess of 40 hours in violation of 29 U.S.C. § 207(a)(1).

29. Defendant's time limitations were enforced by the defendant's managers, including but not limited to its Regional Manager(s), Store Manager(s) and General Manager(s) through adverse actions including but not limited to coercion, threats of termination, retaliation by significantly reducing reluctant or complaining hourly employees' scheduled work time, and false

revisions to non-exempt employees' time records. Defendant made it clear that if any non-exempt employee complained about the non-payment of hours worked, that employee's scheduled hours of work would be reduced in retaliation for complaining.

30. Defendant was and is aware of the work being performed off-the-clock by hourly employees at its direction and under the supervision and direction of its management employees, and the false revisions being made to time records by managerial employees. Defendant was and is aware that non-exempt hourly employees regularly work more than 40 hours per workweek and that they are not paid overtime pay as required by law. Despite this knowledge, defendant has maintained its 40-hour limit as described above.

## VI. COLLECTIVE ACTION ALLEGATIONS

31. Plaintiffs bring the FLSA claims under 29 U.S.C. § 216(b) as a collective action on behalf of the following opt-in class:

> All persons who were employed as non-exempt employees at McDonald's Store #10045 at any time from three years prior to the filing of this complaint through the present.

32. Plaintiff is similarly situated to all former and current hourly employees described in the above opt-in class.

## VII. CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and as representatives of a class of similarly situated individuals who have been subjected to defendant's violations of the minimum wage provisions of Kentucky's Wages and Hours statutes codified at K.R.S. 337 *et seq*. (The "Kentucky Class" members).

34.     This class action is proper under Federal Rule of Civil Procedure 23(b)(1), 23(b)(2) and 23(b)(3). The requirements of Rule 23(a), (b)(1), (b)(2) and (b)(3) are met with respect to the class defined below:

> All persons who were employed as non-exempt employees at McDonald's Store #10045 at any time from three years prior to the filing of this complaint through the present.

35.     Although the precise number of class members is unknown to plaintiff, upon information and belief, the number is in excess of 100, such that joinder is impractical. The disposition of each class member's claims through the class action procedure will benefit the parties, the Court, and society as a whole.

36.     Plaintiff will fairly and adequately represent and protect the class members' interests and is committed to the vigorous prosecution of this action.

37.     Plaintiff has no conflicts of interest and has retained counsel who are competent and have experience in class actions.

38.     Plaintiff's claims are typical of the class. Plaintiffs and the Kentucky Class members work or have worked for defendant and have been subjected to a pattern or practice of failing to pay minimum wages and overtime wages at a rate of one and one-half times the regular hourly wage rate for hours worked in excess of 40 hours per workweek. Kentucky Class members are victims of the same actions and conduct of defendant with respect to failure to pay minimum wages.

39.     Common questions of law and fact exist as to all members of the class and predominate over questions affecting individual members of the class.

40.     The common questions include, but are not limited to, the following:

9

i) Whether defendant denied hourly employees minimum wage by compelling them to clock out and continue working or work for defendant's exclusive benefit at home for which they were not paid;

ii) Whether defendant failed to properly adjust its time clock for employees who began working more than five minutes prior to the start of their scheduled shift, but were unable to clock in at the actual start of their work time;

iii) Whether defendant discharged or discriminated in any other manner against employees who reported nonpayment of wages to the employer or who complained about defendant's unlawful wage practices;

iv) Whether defendant failed to, as often as semimonthly, pay to each of its employees all wages earned to a day not more than eighteen (18) days prior to the date of that payment;

v) Whether defendant's conduct was willful; and

vi) Whether defendant's conduct violates Kentucky's Wages and Hours statutes. K.R.S. 337 *et seq*.

41. As noted above, defendant has acted on grounds that apply generally to the class, so that final injunctive and/or declaratory relief is appropriate respecting the class as a whole.

42. Prosecuting separate actions would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for defendant, and adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications and would substantially impair or impede their ability to protect their interests.

10

43. A class action is appropriate because the common questions of law and fact enumerated above predominate over questions impacting only individual members of the class.

44. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted in this action, as the financial interest of each individual class member is relatively small, making it economically impracticable to pursue remedies other than by a class action. As such, the class members have little interest in individually controlling the prosecution of separate actions.

45. If individual actions were to be brought by the members of the class, the resulting duplication of lawsuits would cause undue hardship, inefficiencies, and expense to the Court and the litigants, and the nature of the claims is such that it is unlikely that many such claims would be pursued other than on a class basis.

46. Given the above considerations, it is desirable to concentrate the litigation of the claims in this particular forum.

47. Absent a class action, defendant would likely retain the benefits of its wrongdoing, resulting in a miscarriage of justice.

48. There will be no difficulties in managing this class action as the names and addresses of the persons who are members of the class are available from defendant. Further, notice can be provided to the members of the class by using techniques and a form of notice similar to those customarily used in class actions, including individual mailed notice and notice by publication, as appropriate.

49. At the present time the claims presented herein are limited to employees of Store #10045, over which defendant has control. Plaintiff reserves the right to seek leave to amend,

based on discovery and/or investigation, to bring the claims stated herein against defendant on a broader regional and/or national basis and/or to add all other potentially responsible parties.

### XIII.  STATEMENT OF CLAIMS

### Count One

### Denial of Minimum Wages under the FLSA
### 29 U.S.C. § 206 and 29 C.F.R. § 785.12

50. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

51. Defendant's denial of minimum wages for hours worked violates the FLSA, including but not limited to the minimum wage provisions of 29 U.S.C. § 206 and work performed away from the premises rule as stated in 29 C.F.R. § 785.17.

52. Plaintiff is entitled to recover from defendant an appropriate amount for all hours worked, for a period of two years prior to the filing of this action, together with liquidated damages in an amount equal thereto, and attorney's fees pursuant to 29 U.S.C. § 216(b).

### Count Two

### Denial of Overtime Pay under the FLSA
### 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 785.12

53. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

54. Defendant's denial of overtime pay for hours worked in excess of 40 hours per workweek violates the FLSA, including but not limited to the overtime provisions of 29 U.S.C. § 207(a)(1).

55. Plaintiff is entitled to recover from defendant overtime pay for all hours worked in excess of 40 hours per workweek during the period beginning two years prior to the commencement of this action, together with liquidated damages in an amount equal thereto, and attorney's fees pursuant to 29 U.S.C. § 216(b).

## Count Three

### Willful violation of FLSA, 29 U.S.C. §255(a)

56. Plaintiffs repeat and reiterate the previous paragraphs as if fully rewritten herein.

57. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) such that Plaintiffs are entitled to recover from Defendant an appropriate amount for all hours worked, and overtime pay for all hours worked in excess of 40 hours per workweek, during the period beginning three years prior to the commencement of this action together with liquidated damages in an amount equal thereto and attorney's fees pursuant to 29 U.S.C. § 216(b).

## Count Four

### Retaliation, under the FLSA, 29 U. S. C. §215(a)(3)

58. Plaintiffs repeat and reiterate the previous paragraphs as if fully rewritten herein.

59. Plaintiffs are entitled to appropriate equitable relief pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b), including without limitation an order enjoining defendant from retaliating against plaintiff or any other non-exempt employees who may join in this action or have sought or requested payment in accordance with applicable law.

## Count Five

### Violations of Kentucky's Minimum Wage Law – K.R.S. 337.275.

60. Plaintiff repeats and reiterate the previous paragraphs as if fully rewritten herein.

61. Under the Kentucky law, defendant was required to pay each of its employees the legally-required minimum wage for all hours worked. K.R.S. 337.275.

62. Defendant's conduct as described above violates Kentucky's statutory provision governing payment of minimum wage.

63. Defendant has willfully and with reckless disregard deprived plaintiff and those similarly situated of the payment of minimum wage under the Kentucky Revised Statutes, which entitles Plaintiffs and others similarly situated to liquidated and/or punitive damages.  K.R.S. 337.385 *et seq.*

## Count Six

### Unjust Enrichment/Quantum Meruit

64. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

65. Plaintiff, and those similarly situated, conferred a benefit upon defendant when they worked hours and provided services to defendant and the customers of defendant, and performed such other acts and conduct for defendant's benefit.

66. The benefits were conferred by plaintiff and those similarly situated, without receiving just compensation from defendant for the services rendered.

67. Defendant has been unjustly enriched by the benefits conferred by plaintiff and those similarly situated.

68. Plaintiff, and those similarly situated, are entitled to just compensation for the reasonable value of services rendered to defendant.

## Count Seven

### Failure to Pay Wages Due, K.R.S. 337.020

69. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

70. During the three-year period preceding the filing of this Complaint, defendant breached the requirement of Kentucky Revised Statutes 337.020 by failing to pay plaintiff, and those similarly situated, as often as semimonthly, all wages earned to a day not more than eighteen (18) days prior to the date of that payment.

71. Defendant is liable to each such employee affected for the full of amount of such wages less any amount actually paid, for an additional equal amount as liquidated damages and for costs and such reasonable attorney's fees.  K.R.S. 337.385 *et seq*.

72. Defendant is also liable for a civil penalty of not less than one hundred dollars ($100) nor more than ($1,000) for each separate failure to pay plaintiff and all others similarly situated wages when due.  K.R.S. 337.990.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all other similarly situated employees of McDonald's Corporation, who elect to opt-in to this FLSA action as described with particularity in 29 U.S.C. § 216(b) demand judgment against the defendant as follows:

1. An Order Permitting this litigation to proceed as a collective action;

2. Prompt notice, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees of defendant that this litigation is pending and that they have right to "opt-in" to this litigation;

3. Judgment against defendant for violating the Fair Labor Standards Act;

4. An Order declaring that the defendant's violations of the Fair Labor Standards Act were willful;

5. An injunction prohibiting defendant from engaging in future minimum wage and overtime violations;

6. An award of unpaid wages and overtime pay and liquidated damages thereon consistent with the provisions of the Fair Labor Standards Act;

7. An award of Plaintiffs' reasonable attorney's fees and cost;

8. With respect to the Kentucky Class:

a. An award of damages and liquidated damages;

b. Pre-judgment and post-judgment interest, as provided by law;

c. Civil penalties of not less than one hundred dollars ($100) nor more than one thousand dollars ($1,000) for each separate failure to pay an employee the wages due to him/her;

d. Such other injunctive and equitable relief as the court may deem just and proper; and

e. Reasonable costs and attorney's fees.

9. Such other relief which in law and equity is appropriate.

Respectfully submitted,

**MINNILLO & JENKINS Co., LPA**

*/s/ Paul J. Minnillo*
Paul J. Minnillo (EDKY Bar No. 95420)
Christian A. Jenkins
(*To seek Admission Pro Hac Vice*)
Robb S. Stokar
(*To seek Admission Pro Hac Vice*)
2712 Observatory Avenue
Cincinnati, Ohio 45208
Tel:  (513) 723-1600
Fax:  (513) 723-1620
pjminnillo@minnillojenkins.com
cjenkins@minnillojenkins.com
rstokar@minnillojenkins.com
*Trial Counsel for Plaintiff*

### JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable in this matter.

*/s/ Paul J. Minnillo*
Paul J. Minnillo (EDKY Bar No. 95420)